UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES BROWN, et al.                                                                              PLAINTIFFS

v.                                                          CIVIL ACTION NO. 3:15-CV-00208-CRS-DW

TAX EASE LIEN SERVICING, LLC, et al.                                                  DEFENDANTS

Memorandum Opinion

I. Introduction

This matter is before the Court on Plaintiffs' objection to the order of Magistrate Judge Dave Whalin that was entered on October 11, 2016 (the "October 11, 2016 order"), ECF No. 104, which granted in part Plaintiffs' motion to compel discovery, ECF No. 98. Defendants Tax Ease Lien Servicing, LLC, Tax Ease Lien Investments 1, LLC, Lien Data Services, LLC, and Blue Grass Abstract, LLC ("the Tax Ease Defendants") responded, ECF No. 111. Plaintiffs did not reply. For the reasons stated below, the Court will overrule Plaintiffs' objection to the October 11, 2016 order.

II. Background

As this Court previously noted, the factual and procedural background of this case is lengthy and complex. Mem. Op. 3, ECF No. 24. And again, instead of reciting that history, the Court incorporates Magistrate Judge Whalin's findings of fact into this memorandum. Findings of Fact, Conclusions of Law, and Recommendation, ECF No. 21.

Plaintiffs moved to "modify" the October 11, 2016 order. Obj. 1, ECF No. 104. The magistrate judge construed Plaintiffs' motion to "modify" as an objection to the October 11, 2016 order under Federal Rule of Civil Procedure 71(a). Order 12/21/16 at 10, ECF No. 117.[1]

III.   Standard

The Court must consider a timely objection to a magistrate judge's order on a nondispositive matter and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b).

The magistrate judge's factual findings are reviewed under the clearly erroneous standard. *Heights Cvmt. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A factual finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id*. Under the clearly erroneous standard, the Court does not ask whether the magistrate judge reached "the best or only conclusion that can be drawn from the evidence." *Knox v. Prudential Ins. Co. of Am.*, No. 13-CV-00424-CRS, 2014 U.S. Dist. LEXIS 170597, at *4 (W.D. Ky. Dec. 9, 2014) (citing *Tri-Star Airlines, Inc. v. Willis Careen Corp. of L.A.*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999)). "Rather, the clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." *Id*.

In comparison, the magistrate judge's legal conclusions are subject to the plenary "contrary to law" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). A legal conclusion is contrary to law when it contradicts or ignores applicable legal principles found in the Constitution, statutes, and case precedent. *Id*. The Court must thus exercise "independent judgment" in reviewing the magistrate judge's legal conclusions. *Id*.

---

[1] This Court will thus refer to Plaintiffs' motion to "modify" the October 11, 2016 order as an objection to the order.

IV.     Discussion

The parties have been apparently able to agree on all but one of Plaintiffs' objections to the October 11, 2016 order. Order 12/21/16 at 2, ECF No. 117. The parties are unable to agree on Issue 7. *Id*. Issue 7 involves a discovery request that seeks from Defendants Tax Ease Lien Servicing, LLC and Tax Ease Lien Investments 1, LLC "all documents related to communications with any attorney or law firm regarding [Blue Grass Abstract, LLC] or [Lien Data Services, LLC]." Order 10/11/16 at 7, ECF No. 100. As discussed in the October 11, 2016 order, the magistrate judge determined that the request was overly broad and "swe[pt] in an unlimited range of documents that in any fashion refer to or involve an attorney or a law firm, which also happen to make even passing reference to [Blue Grass Abstract, LLC] or [Lien Data Services, LLC]." *Id*. at 31. The magistrate judge accordingly limited the scope of the Issue 7 discovery request to include "those communications of [Tax Ease Lien Servicing, LLC] or [Tax Ease Lien Investments 1, LLC] with any attorney or law firm that are made after March 4, 2010 and to be limited to include attorney invoices involving delinquent Kentucky property taxes and [Blue Grass Abstract, LLC] or [Lien Data Services, LLC]." *Id*. at 31–32.

Plaintiffs do not object to the portion of the October 11, 2016 order related to Issue 7 that restricts the geographic scope of the discovery request to Kentucky. Obj. 4, ECF No. 104. They argue, however, that the additional modifications to the discovery request will "limit some highly relevant communications between [Tax Ease Lien Servicing, LLC] and [Tax Ease Lien Investments 1, LLC] on the one hand and Billy Sherrow (and possibly other attorneys) on the other." *Id*. They request that the Court change the discovery request as it is currently worded in the October 11, 2016 order to state, "Produce all invoices, correspondence, and contracts with any attorney or law firm regarding [Blue Grass Abstract, LLC] or [Lien Data Services, LLC] and

3

involving delinquent Kentucky property taxes either in effect on or made after January 1, 2007." *Id*.

The Tax Ease Defendants argue that the Court should overrule Plaintiffs' objection to the October 11, 2016 order. Resp. Opp. Obj. 3, ECF No. 111. They argue that Plaintiffs' request to change the October 11, 2016 order's treatment of Issue 7 would "impose [an] extraordinary burden [on them] even to attempt to identify and review all [such] documents and prepare a privilege log." *Id*. They further contend that the October 11, 2016 order's limitation on the discovery request is "especially reasonable" given that Plaintiffs did not focus their discovery requests on attorney-client communications. *Id*.

This Court finds that the magistrate judge appropriately limited at this stage the scope of the Issue 7 discovery request in the October 11, 2016 order. Plaintiffs fail to provide compelling justification that would show that the magistrate judge clearly erred in his revisions.

V.     Conclusion

The Court will overrule Plaintiffs' objection to the October 11, 2016 order. An order will be issued in accordance with this memorandum opinion.

January 11, 2017

Charles R. Simpson III, Senior Judge
United States District Court

4