UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES BROWN, et al.                                                                                      PLAINTIFFS

v.                                                          CIVIL ACTION NO. 3:15-CV-00208-CRS-DW

TAX EASE LIEN SERVICING, LLC, et al.                                                      DEFENDANTS

Memorandum Opinion

I.   Introduction

This matter is before the Court on the motion of Intervening Plaintiff Emil J. Walther to voluntarily dismiss his claims against Tax Ease Lien Servicing, LLC, Tax Ease Lien Investments 1, LLC, Blue Grass Abstract, LLC, Lien Data Services, LLC, Phil Migicovsky, Richard Eric Craig, Billy W. Sherrow, and Sherrow, Sutherland & Associates, PSC under Federal Rule of Civil Procedure 41(a)(2), ECF No. 113. Tax Ease Lien Servicing, LLC, Tax Ease Lien Investments 1, LLC, Lien Data Services, LLC, and Blue Grass Abstract, LLC ("the Tax Ease Defendants") responded, ECF No. 114. Craig separately responded to Walther's motion, ECF No. 115. Walther did not reply. For the reasons discussed below, the Court will grant Walther's motion to voluntarily dismiss his claims.

II.   Background

As this Court previously noted, the factual and procedural background of this case is lengthy and complex. Mem. Op. 3, ECF No. 24. The Court will provide a brief recitation of that history for the purposes of this memorandum opinion, although it also incorporates Magistrate Judge Dave Whalin's findings of fact. Findings of Fact, Conclusions of Law, and Recommendation, ECF No. 21. As noted by Judge Whalin, Defendants are a group of entities and individuals who purchase certificates of tax delinquency that are issued when real property

owners fail to pay property taxes. *Id.* at 2. Third-party purchasers, such as Tax Ease Lien Servicing, LLC and Tax Ease Lien Investments 1, LLC, purchase the certificates of delinquency from local and county governments in Kentucky at face value. *Id.* Kentucky Revised Statute § 134.452 permits these third-party purchasers to recover the amount paid for the certificates, as well as interest, fees, and statutory charges. *Id.* The other defendants, Blue Grass Abstract, LLC, Lien Data Services, LLC, Billy W. Sherrow, and Sherrow, Sutherland & Associates, PSC provide collection-related services to the third-party purchasers, including notice letters, title searches, document registration, and pre-and post-lawsuit legal services. *Id.*

The plaintiffs, including Walther, are a group of four Kentucky property owners who were originally sued in state court by Tax Ease Lien Servicing, LLC or Tax Ease Lien Investments 1, LLC to foreclose against their individual tax delinquent properties.[1] *Id.* The plaintiffs ultimately joined together to bring the present putative class action, which initially asserted claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), the Kentucky Consumer Protection Act, for violation of Kentucky Revised Statute § 446.070, fraud, unjust enrichment, fraudulent inducement, declaration of rights and injunctive relief. *Id.* Plaintiffs allege that the Defendants conspired with one another to obtain payment of excessive fees and charges prohibited by Kentucky statutes. *Id.*

In November of 2015, this Court granted in part and denied in part the defendants' motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Order, Nov. 20, 2015, ECF No. 25. The parties then engaged in extensive motion practice involving discovery. Walther now moves to voluntarily dismiss his claims in the present action. Mot. Voluntarily Dismiss 1, ECF No. 113.

---

[1] Walther apparently intervened in the present case while it was pending in a Kentucky state court. Mem. Supp. Mot. Stay 5, ECF No. 6-2.

III.     Discussion

Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a)(2). Under Rule 41(a)(2), a district court may dismiss a plaintiff's claims at his or her request. The "primary purpose" of requiring the court to approve the dismissal of the plaintiff's claims is to "protect the nonmovant from unfair treatment." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

Walther argues that the Court should grant him leave to dismiss his claims. Mem. Supp. Mot. Voluntarily Dismiss 1–2, ECF No. 113-1. He maintains that his claims should be dismissed without prejudice. *Id*. He explains that, because the case is a putative class action, "there is no defendant who is in the action solely because of conduct directed toward [him]" and that "his participation to date has not caused any party to take any action they would not otherwise have." *Id*. at 1. Moreover, "no defendant has incurred any cost or taken any action solely with regard to [him]." *Id*. He also states that "he simply wishes to stop participating in this putative class action as a potential class representative." *Id*. at 2. The Tax Ease Defendants and Craig contend, however, that Walther's claims should be dismissed with prejudice. Tax Ease Defs. Resp. Mot. Voluntarily Dismiss 1, ECF No. 114; Craig Resp. Mot. Voluntarily Dismiss 1, ECF No. 115. The Tax Ease Defendants explain that, despite that the case is a putative class action, they "have incurred considerable expense and effort in defending this action, including time spent addressing Walther's specific claims and defenses applicable to him." Resp. Mot. Voluntarily Dismiss 4, ECF No. 114. They also argue that Walther's timing and explanation for the dismissal weighs against dismissing the claims without prejudice. *Id*. at 4–5.

Unless otherwise stated by the court, the dismissal of the plaintiff's claims under Federal Rule of Civil Procedure 41(a)(2) is to be without prejudice. Fed. R. Civ. P. 41(a)(2). Dismissal of

3

the plaintiff's claims should be granted with prejudice only when the defendant would "suffer 'plain legal prejudice' . . . as opposed to facing the mere prospect of a second lawsuit." *Grover by Grover*, 33 F.3d at 718 (citing *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). In determining whether a defendant would suffer plain legal prejudice, a court should consider a variety of factors, including "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.*

This Court finds that such factors weigh in favor of dismissing Walther's claims without prejudice. While the defendants might have had to consider individual issues, facts, and discovery requests arising out of Walther's participation in the case, Walther's claims are being litigated as part of a putative class action, which suggests that the defendants have not had to incur excessive expenses and efforts specifically addressing his claims and defenses. Additionally, Walther's explanation for his decision to move for leave to dismiss his claims is a sufficient explanation for the need to take a dismissal.

Walther further argues that his claims should be dismissed without conditions because such a dismissal would not affect Defendants' position in the litigation: "Nothing that any defendant has done or will do in this case will be affected by Mr. Walther's dismissal." Mem. Supp. Mot. Voluntarily Dismiss 1–2, ECF No. 113-1. The Tax Ease Defendants conversely maintain that Walther should be required to produce any additional documents and information that the Court orders in connection with their pending motion to compel and to appear for a deposition before the dismissal of his claims. Tax Ease Defs. Resp. Mot. Voluntarily Dismiss 1, ECF No. 114. Craig similarly contends that Walther's dismissal should be conditioned on

"truthful responses" to his discovery requests and that Walther should be required to appear for a deposition. Craig Resp. Mot. Voluntarily Dismiss 1, ECF No. 115.

Federal Rule of Civil Procedural 41(a)(2) provides that the voluntary dismissal may be on "terms that the court considers proper." For example, in *Duffy v. Ford Motor Co.*, the United States Court of Appeals for the Sixth Circuit recognized the reasonableness of requiring the plaintiffs to pay the defendant's attorney's fees and costs before the dismissal of their claims. 218 F.3d 623, 632 (6th Cir. 2000).

The Tax Ease Defendants and Craig are able to seek discovery from Walther through the normal channels of discovery, including through the use of subpoenas. Therefore, the Court declines to impose the requested conditions on the dismissal of Walther's claims under Rule 41(a)(2).

IV. Conclusion

The Court will grant Walther's motion to voluntarily dismiss his claims in this case. The Court will dismiss Walther's claims without prejudice. The Court declines to impose the conditions suggested by the Tax Ease Defendants or by Craig. An order will be issued in accordance with this memorandum opinion.

January 12, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**