# WEBER & ROSE, PSC
P.O. BOX 3287
LOUISVILLE, KY 40201
502-589-2200
502-589-3400 fax

John H. Dwyer, Jr.
Zielke Law Firm, PLLC
462 South Fourth Street, Suite 1250
Louisville, KY 40202

**VIA ELECTRONIC MAIL (jdwyer@zielkefirm.com)**

RE:     *Brown, et. al. v. Tax Ease Lien Servicing, LLC et. al.*, Case No. 3:15-cv-208 (United States
District Court for the Western Kentucky Division.

Mr. Dwyer:

Please consider this correspondence my good faith attempt, pursuant to FRCP 37(d)(1)(B), to reach out to you and resolve my concerns with the deficient responses you filed to my Interrogatories and Requests for Production of Documents on behalf of Emil Walther, Phillip Leigh, Denise Puckett and James Brown.

First, with respect to the General Objection at the beginning of each of their responses, your reliance upon *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (Sixth Cir. 2002), for the proposition that documents responsive to discovery requests need not be produced simply because they may be in your possession, is misplaced.  Indeed, the *Nationwide* case specifically dealt only with depositions of opposing counsel.  It did not in any way relate to written discovery requests for production of documents or interrogatories.  Further, "[t]he meaning of possession, custody, or control, for the purposes of Rule 34, includes actual possession, custody, and control as well as "the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (citing *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992); *Weck v. Cross*, 88 F.R.D. 325, 327 (N.D. Ill. 1980)). *Duracore Pty Ltd. v. Applied Concrete Tech., Inc.*, 2015 U.S. Dist. LEXIS 105092, *4, 2015 WL 4750936 (W.D. Ky. Aug. 11, 2015).  If you feel that any document in your possession or control is privileged, then the correct remedy would be to provide a privilege log that can be reviewed and discussed.

Accordingly, it is incumbent upon you to produce documents and provide complete responses to all of my requests to which you have objected based upon the fact that the information or documents in question are in your possession or knowledge.

# EXHIBIT A

John H. Dwyer
September 14, 2016

**Walther Interrogatories Nos. 1-7; Walther Requests for Document Production Nos. 2-13; Leigh Interrogatories 1-7; Leigh Requests for Production of Documents 1-13; Brown Interrogatories 1-7 and Puckett Interrogatories 1-7:** The responses to each of the referenced Interrogatories is identical, and identically deficient therefore, I will not list each Interrogatory separately, but rather will discuss them collectively.

ANSWER:       Objection; exact duplication of discovery previously answered.

DEFICIENCY:       I am unaware of any previous discovery requests made by me that have been answered by you and your clients. This is especially true, as these discovery requests constituted the first set of discovery requests that I served upon you. Thus, you completely failed to provide responses to these interrogatories. Even if one were to assume that you are referring to answers that you have provided to other parties in this action, clearly, these Interrogatories were clearly specific to me. Incorporation by reference of vague and ambiguous "previously answered" discovery is patently inadequate as a response to these interrogatories. The same applies to each of the referenced Requests for Production of Documents.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup*, 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010)*, citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully' ...).

<u>**WALTHER INTERROGATORIES**</u>

**Walther Interrogatory No. 8:**       State the specific fact or facts that you rely upon to allege that Craig engaged or participated in any of the actions detailed in paragraphs 139 – 143 of your Complaint.

ANSWER:       Mr. Craig participated in a scheme to defraud and a civil conspiracy, resulting in his liability for conduct of other participants in the scheme and conspiracy.

DEFICIENCY:       Your response is evasive and completely non-responsive to my request, as it fails to provide any specific fact or facts – much less any fact that would indicate that Mr. Craig engaged in any of the alleged actions detailed in paragraphs 139 – 143 of your Complaint. Rather, your answer is yet another conclusory statement with absolutely no factual basis put forward, not even an explanation or single detail of what action Mr. Craig undertook to participate in the alleged "scheme to defraud and a civil conspiracy".

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup*, 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010)*, citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully' ...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins.*

2

John H. Dwyer
September 14, 2016

*Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

**Walther Interrogatory No. 12:**  State the specific fact(s) that support your allegation that Craig violated KRS 134.452 as related to you and as alleged in your Complaint.

Answer:       Mr. Craig conspired with the other defendants who took the acts described in the Complaint.

Deficiencies:     Your response is completely non-responsive, as it fails to provide any specific fact – much less any fact that would indicate that Mr. Craig engaged in any act, or even what Mr. Craig may have done to "conspire" with anyone with respect to Mr. Walther.  Rather, your answer is yet another conclusory statement with absolutely no factual basis put forward.  You fail to list a single factual basis for making yet another unfounded allegation rather than simply answering a straightforward question.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("…Rule 33(b)(1) requires a party to answer each interrogatory 'fully'…). I would also draw your attention to the fact that "… incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

**Walther Interrogatory No. 13:** Identify the specific method, act or practice that Craig engaged in as related to you that violated KRS 367.170, as alleged in paragraph 192 of your Complaint.

Answer:       Mr. Craig conspired with the other defendants who took the acts described in the Complaint.

Deficiencies:     Your response is completely non-responsive, as it fails to provide any fact at all or facts – much less any fact that would indicate that Mr. Craig engaged in any of the alleged actions detailed in paragraph 192 of your Complaint, or even what Mr. Craig may have done to "conspire" with anyone with respect to Mr. Walther, as you allege in your response to the interrogatory.

3

John H. Dwyer
September 14, 2016

Rather, your answer is yet another conclusory statement with absolutely no factual basis put forward, not even an explanation or single detail of what action Mr. Craig undertook to allegedly conspire with anyone.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia,* 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'..."). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

**Walther Interrogatory No. 14**:  State the complete factual basis of the allegation in paragraph 196 of your Complaint that you conferred a benefit upon Craig and the specific amount of same.

Answer:        Please see response to interrogatory 3, describing the benefits conferred upon Mr. Craig's co-conspirators and participants in the scheme to defraud in which he participated.

Deficiencies:    Your response to the referenced Interrogatory No. 3 states: "Objection; exact duplication of discovery previously answered." Thus, you have completely and utterly failed to respond to Interrogatory No. 14.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia,* 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'..."). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

I note for the record that your response to **INTERROGATORY NO. 18** was completely deficient as you invented an entirely new interrogatory and answered that invented interrogatory in a completely

4

John H. Dwyer
September 14, 2016

deficient manner. Rather than the invented interrogatory you inserted relating to paragraph 129 of your Complaint, the actual Interrogatory No. 18 was answered by you as Interrogatory No. 19 – which does not actually exist.

## LEIGH INTERROGATORIES

**Leigh Interrogatory No. 8:**      State the complete factual basis of the allegation in paragraph 133 of your Complaint that Craig sent the document identified as a "payoff" and is attached as Exhibit 30 to your Complaint.

   Answer:      Objection; misstates the Complaint.

   Deficiencies:      Your response is completely non-responsive, as it fails to provide any fact at all or facts – much less any fact that would indicate that Mr. Craig engaged in any of the alleged actions detailed in paragraph 133 of your Complaint. Rather, you evasively attempt to respond in a manner that leaves the door open for an ambiguous contention that Mr. Craig may have indeed had anything at all to do with Leigh. I suspect that this is because you know that you overreached mightily in naming Mr. Craig in the Complaint to begin with.

   FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010)*, citing DL v. Dist. of Columbia,* 251 F.R.D. 38, 48 (D.D.C. 2008) ("…Rule 33(b)(1) requires a party to answer each interrogatory 'fully'…). I would also draw your attention to the fact that "… incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

   Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig as pertaining to Leigh.

**Leigh Interrogatory No. 9:**      State the complete factual basis of the allegation in paragraph 134 of your complaint that Craig attempted to collect from you the amounts identified in paragraph 134.

   Answer:      Objection; misstates the Complaint.

   Deficiencies:      Your response is completely non-responsive, as it fails to provide any fact at all or facts – much less any fact that would indicate that Mr. Craig engaged in any of the alleged actions detailed in paragraph 134 of your Complaint, or even what connection exists between Mr. Craig and Leigh. Rather, you evasively attempt to respond in a manner that leaves the door open for an ambiguous contention that Mr. Craig may have indeed had anything at all to do with Leigh.

   FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475

John H. Dwyer
September 14, 2016

(W.D. Ky. Jan. 29, 2010)*, citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig as pertaining to Leigh.

**Leigh Interrogatory No. 10:** State the complete factual basis of the allegation in paragraph 135 of your complaint that Craig added any charges the lien referenced therein.

> Answer:     Objection; misstates the Complaint.

> Deficiencies:   Your response is completely non-responsive, as it fails to provide any fact at all or facts – much less any fact that would indicate that Mr. Craig engaged in any of the alleged actions detailed in paragraph 135 of your Complaint, or even what connection exists between Mr. Craig and Leigh. Rather, you evasively attempt to respond in a manner that leaves the door open for an ambiguous contention that Mr. Craig may have indeed had anything at all to do with Leigh. Your Complaint specifically includes Mr. Craig in the definition of the "TELS Defendants" yet your response ambiguously and evasively objects for some unspecified misstatement of the Complaint. The truth is that there is no fact that would support your allegation with respect to Craig.

> FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup*, 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010)*, citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

> Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig as pertaining to Leigh.

**Leigh Interrogatory No. 11:** State the complete factual basis of the allegation in paragraph 137 of your Complaint that Craig prepared and sent you the "payoff demand" identified as Exhibit 31.

> Answer:     Objection; misstates the complaint.

> Deficiencies:   Your response is completely non-responsive, as it fails to provide any fact at all or facts – much less any fact that would indicate that Mr. Craig engaged in any of the alleged actions

John H. Dwyer
September 14, 2016

detailed in paragraph 137 of your Complaint, or even what connection exists between Mr. Craig, Leigh and Exhibit No. 31 of the Compliant.  Rather, you evasively attempt to respond in a manner that leaves the door open for an ambiguous contention that Mr. Craig may have indeed had anything at all to do with Leigh.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup*, 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010)*, citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...).  I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint.  As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig as pertaining to Leigh.

**Leigh Interrogatory No. 12:**      State the complete factual basis of the allegation in paragraph 137 of your Complaint that Craig prepared and sent you the "payoff demand" identified as Exhibit 32.

Answer:      Objection; misstates the complaint.

Deficiencies:      Your response is completely non-responsive, as it fails to provide any fact at all or facts – much less any fact that would indicate that Mr. Craig engaged in any of the alleged actions detailed in paragraph 137 of your Complaint, or even what connection exists between Mr. Craig, Leigh and Exhibit No. 32 of the Compliant.  Rather, you evasively attempt to respond in a manner that leaves the door open for an ambiguous contention that Mr. Craig may have indeed had anything at all to do with Leigh.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup*, 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010)*, citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...).  I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint.  As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig as pertaining to Leigh.

John H. Dwyer
September 14, 2016

**Leigh Interrogatory No. 14:**      State the specific injury to your property caused by Craig as alleged in paragraph 138 of your Complaint.

Answer:      Please see response to interrogatory 3.

Deficiencies:   Your response to the referenced Interrogatory No. 3 states: "Objection; exact duplication of discovery previously answered." Thus, you have completely and utterly failed to respond to Interrogatory No. 14.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia,* 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

**Leigh Interrogatory No. 15:**      Identify any payment made by you to Craig as alleged in paragraph 138 of your Complaint.

Answer:      Please see response to interrogatory 3.

Deficiencies:   Your response to the referenced Interrogatory No. 3 states: "Objection; exact duplication of discovery previously answered." Thus, you have completely and utterly failed to respond to Interrogatory No. 15.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia,* 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

8

John H. Dwyer
September 14, 2016

**Leigh Interrogatory No. 16:**     State the specific fact(s) you rely upon for the allegation that Craig violated KRS 134.452 as related to your allegations in paragraphs 131 – 138 of your Complaint.

> Answer:     Mr. Craig is responsible for the unlawful conduct of his co-conspirators described in the complaint.

> Deficiencies:     Your response is completely non-responsive, as it fails to provide any fact at all or facts – much less any fact that would indicate that Mr. Craig engaged in any of the alleged actions detailed in paragraphs 131-132 of your Complaint, or even what Mr. Craig may have done to "conspire" with anyone with respect to Leigh, as you allege in your response to the interrogatory. Rather, your answer is yet another conclusory statement with absolutely no factual basis put forward, not even an explanation or single detail of what actions Mr. Craig undertook as described in paragraphs 131-132 of your complaint, much less what Mr. Craig did to allegedly conspire with anyone.

> FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia,* 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

> Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

**Leigh Interrogatory No. 17:**     Identify the specific representation(s) that Craig made to you constituting fraud as alleged in paragraph 183 of your Complaint.

> Answer:     See the specific representations referenced in the complaint made by Mr. Craig's co-conspirators.

> Deficiencies:     Your response is completely non-responsive, as it fails to provide any specific fact – much less any fact that would indicate that Mr. Craig engaged in any act, or even what Mr. Craig may have done to "conspire" with anyone with respect to Mr. Walther. Rather, your answer is yet another conclusory statement with absolutely no factual basis put forward. You fail to list a single factual basis for making yet another unfounded allegation rather than simply answering a straightforward question.

> FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475

9

John H. Dwyer
September 14, 2016

(W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response.  As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

**Leigh Interrogatory No. 18:**      Identify the specific representation(s) that Craig made to you constituting fraudulent inducement as alleged in paragraph 187 of your Complaint.

Answer:      Objection; misstates the complaint.

Deficiencies:      Your response is completely non-responsive.  First, you apparently decided to answer this interrogatory as if it referenced paragraph 191 rather than 187 of your complaint. Second, even the answer you provided fails to provide any specific fact – much less any fact that would indicate that Mr. Craig engaged in any act, or even what Mr. Craig may have done to "conspire" with anyone with respect to Mr. Walther.  Rather, your answer is yet another conclusory statement with absolutely no factual basis put forward.  You fail to list a single factual basis for making yet another unfounded allegation rather than simply answering a straightforward question.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient.  *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response.  As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

**Leigh Interrogatory No. 20:**      Identify the specific benefit you conferred upon Craig as alleged in paragraph 196 of your Complaint.

John H. Dwyer
September 14, 2016

Answer:      Please see response to interrogatory 3, describing the benefits conferred upon Mr. Craig's co-conspirators and participants in the scheme to defraud in which he participated.

Deficiencies:    Your response to the referenced Interrogatory No. 3 states: "Objection; exact duplication of discovery previously answered." Thus, you have completely and utterly failed to respond to Interrogatory No. 20.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup*, 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

## CAMBRON INTERROGATORRIES

**Cambron Interrogatory No. 8**:  State the specific fact or facts that you rely upon to allege that Craig engaged or participated in any of the actions detailed in paragraphs 119 - 120 of your Complaint.

Answer:      Objection; misstates the complaint.

Deficiencies:    Your response is completely non-responsive, as it fails to provide any fact at all or facts – much less any fact that would indicate that Mr. Craig engaged in any of the alleged actions detailed in paragraphs 119-120 of your Complaint, or even what connection exists between Mr. Craig and Ms. Cambron ("Cambron") or the certificates of delinquency for 2004, 2005, 2006 or 2008.

Your Complaint specifically includes Mr. Craig in the definition of the "TELS Defendants" yet your response ambiguously and evasively objects for some unspecified misstatement of the Complaint. The truth is that there is no fact that would support your allegation with respect to Craig.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup*, 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory."

John H. Dwyer
September 14, 2016

> *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

> Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig as pertaining to Cambron.

**Cambron Interrogatory No. 9**: State the factual basis for the allegation in paragraph 121 of your Complaint that Craig prepared and filed the "simple form complaint attached as Exhibit 26" to your Complaint.

> Answer: Objection; misstates the Complaint.

> Deficiencies: Your response is completely non-responsive, as it fails to provide any fact at all or facts – much less any fact that would indicate that Mr. Craig had anything to do with the actions described in paragraph 121 of your complaint, or Exhibit 26 attached to your complaint. Your Complaint specifically includes Mr. Craig in the definition of the "TELS Defendants" yet your response ambiguously and evasively objects for some unspecified misstatement of the Complaint. The truth is that there is no fact that would support your allegation with respect to Craig.

> FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

> Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig as pertaining to Cambron.

**Cambron Interrogatory No. 10**: State the factual basis for the allegation in paragraph 122 of your Complaint that Craig was the attorney you contacted and who mailed you the settlement agreement/agreed judgment attached as Exhibit 27 to your Complaint.

> Answer: Objection; misstates the Complaint.

> Deficiencies: Your response is completely non-responsive, as it fails to provide any fact at all or facts – much less any fact that would indicate that Mr. Craig had anything to do with the actions described in paragraph 122 of your complaint, or Exhibit 27 attached to

John H. Dwyer
September 14, 2016

your complaint. Your Complaint specifically includes Mr. Craig in the definition of the "TELS Defendants" yet your response ambiguously and evasively objects for some unspecified misstatement of the Complaint. The truth is that there is no fact that would support your allegation with respect to Craig.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia,* 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig as pertaining to Cambron.

**Cambron Interrogatory No. 11**: State the factual basis for any allegation that Craig demanded any of the enumerated fees or costs detailed in paragraph 123 - 125 of your Complaint.

Answer:        Objection; misstates the Complaint.

Deficiencies:    Your response is completely non-responsive, as it fails to provide any fact at all or facts – much less any fact that would indicate that Mr. Craig had anything to do with the actions described in paragraphs 123-125 of your complaint. Your Complaint specifically includes Mr. Craig in the definition of the "TELS Defendants" yet your response ambiguously and evasively objects for some unspecified misstatement of the Complaint. The truth is that there is no fact that would support your allegation with respect to Craig.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia,* 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig as pertaining to Cambron.

John H. Dwyer
September 14, 2016

**Cambron Interrogatory No. 12**: State the factual basis for the allegation in paragraph 127 of your Complaint that $400 was not a reasonable demand for "an event of title work in connection with Ms. Cambron's property.

> Answer:        Ms. Puckett objects to this interrogatory as she cannot completely response to it without the discovery that the defendants have refused to respond to. Without waiving this objection, please see deposition of Nathan Miller and accompanying exhibits, as well as documents produced by BGA in this action.  Discovery thus far has shown that the defendants charge $400 for title reports when they purchase complete reports for approximately $100 and perform no other work in connection with those reports. The actual amount paid for the report charged to Ms. Cambron is unknown, as the defendants have failed to respond to discovery seeking this information.

> Deficiencies:      Your response is completely non-responsive, as it fails to provide any fact at all or facts – much less any fact that would indicate that Mr. Craig had anything to do with the actions described in paragraph 127 of your complain.

> FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...).  I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

> Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint.  Remarkably your response is a tacit admission that when you filed your complaint you had no fact at all supportive of your allegation in paragraph 127 of your complaint.  As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig as pertaining to Cambron.

**Cambron Interrogatory No. 13**: State the factual basis for the allegation in paragraph 128 of your Complaint that Craig made any of the enumerated representations therein.

> Answer:        Objection; misstates the Complaint.

> Deficiencies:      Your response is completely non-responsive, as it fails to provide any fact at all or facts – much less any fact that would indicate that Mr. Craig had anything to do with the actions described in paragraph 128 of your complaint.  Your Complaint specifically includes Mr. Craig in the definition of the "TELS Defendants" yet your response ambiguously and evasively objects for some unspecified misstatement of the Complaint. The truth is that there is no fact that would support your allegation with respect to Craig.

John H. Dwyer
September 14, 2016

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010)*, citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig as pertaining to Cambron.

**Cambron Interrogatory No. 14**: State the complete factual basis of the allegation in paragraph 128 of your Complaint that Craig made any statement or representation to Cambron with the intent that she rely upon said statement or representation.

Answer:  Objection; misstates the Complaint.

Deficiencies:  Your response is completely non-responsive, as it fails to provide any fact at all – much less any fact that would indicate that Mr. Craig had anything to do with the actions described in paragraph 128 of your complaint. Your Complaint specifically includes Mr. Craig in the definition of the "TELS Defendants" yet your response ambiguously and evasively objects for some unspecified misstatement of the Complaint. The truth is that there is no fact that would support your allegation with respect to Craig.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010)*, citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig as pertaining to Cambron.

**Cambron Interrogatory No. 18**: State the complete factual basis of the allegation in paragraph 129 of your Complaint that you returned any agreed judgment to Craig.

15

John H. Dwyer
September 14, 2016

Answer:          Objection; misstates the Complaint.

Deficiencies:    Your response is completely non-responsive, as it fails to provide any fact at all or facts – much less any fact that would indicate that Mr. Craig had anything to do with the actions described in paragraph 129 of your complaint.   Your Complaint specifically includes Mr. Craig in the definition of the "TELS Defendants" yet your response ambiguously and evasively objects for some unspecified misstatement of the Complaint. The truth is that there is no fact that would support your allegation with respect to Craig.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...).   I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint.   As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig as pertaining to Cambron.

16

John H. Dwyer
September 14, 2016

## BROWN INTERROGATORIES

**Brown Interrogatory No. 8:**      State the complete factual basis of the allegation in paragraph 24 of your Complaint that Craig participated in the creation of any "shell entities, including BGA and LDS."

>      Answer:      Mr. Craig participated in a scheme to defraud and a civil conspiracy, resulting in his liability for conduct of other participants in the scheme and conspiracy.

>      Deficiencies:      Your response is completely non-responsive, as it fails to provide any fact at all – much less any fact that would indicate that Mr. Craig engaged in any of the alleged actions detailed in paragraph 24 your Complaint, or even what Mr. Craig may have done to "conspire" with anyone with respect to Brown, as you allege in your response.  Rather, your answer is yet another conclusory statement with absolutely no factual basis put forward, not even an explanation or single detail of what actions Mr. Craig undertook as described in paragraph 24 of your complaint, much less what Mr. Craig did to allegedly conspire with anyone.

>      FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010)*, citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...).  I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

>      Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response.  As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

**Brown Interrogatory No. 9:**      State the complete factual basis of the allegation in paragraph 34 of your complaint that Craig maintains any "complex computer database to create and track all of" the correspondence referred to in paragraphs 30 – 33 of your Complaint.

>      Answer:      Mr. Craig participated in a scheme to defraud and a civil conspiracy, resulting in his liability for conduct of other participants in the scheme and conspiracy.

>      Deficiencies:      Your response is completely non-responsive, as it fails to provide any fact at all or facts – much less any fact that would indicate that Mr. Craig engaged in any of the alleged actions detailed in paragraphs 30-34 of your Complaint, or even what Mr. Craig may have done to "conspire" with anyone with respect to Brown, as you allege in your response to the interrogatory.  Rather, your answer is yet another conclusory statement with absolutely no factual basis put forward, not even an explanation or single

John H. Dwyer
September 14, 2016

detail of what actions Mr. Craig undertook as described in paragraphs 30-34 of your complaint, much less what Mr. Craig did to allegedly conspire with anyone.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia,* 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

**Brown Interrogatory No. 10:**   State the complete factual basis of the allegation in paragraph 35 of your complaint that Craig "simply pretended to be using lawyers to prepare" any correspondence.

Answer:     Mr. Craig participated in a scheme to defraud and a civil conspiracy, resulting in his liability for conduct of other participants in the scheme and conspiracy.

Deficiencies:   Your response is completely non-responsive, as it fails to provide any fact at all – much less any fact that would indicate that Mr. Craig engaged in any of the alleged actions detailed in paragraph 35 of your Complaint, or even what Mr. Craig may have done to "conspire" with anyone with respect to Brown, as you allege in your response to the interrogatory.   Rather, your answer is yet another conclusory statement with absolutely no factual basis put forward, not even an explanation or single detail of what actions Mr. Craig undertook as described in paragraph 35 of your complaint, much less what Mr. Craig did to allegedly conspire with anyone.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia,* 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in

John H. Dwyer
September 14, 2016

your response. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

**Brown Interrogatory No. 11:**    State the specific and complete factual basis of the allegation in paragraph 43 of your Complaint that Craig "manufactured a scheme to pocket that money in support of their dunning operation without actually paying the millions of dollars supposedly represented by these letters to any attorney."

   Answer:        Mr. Craig participated in a scheme to defraud and a civil conspiracy, resulting in his liability for conduct of other participants in the scheme and conspiracy.

   Deficiencies:    Your response is completely non-responsive, as it fails to provide any fact at all or facts – much less any fact that would indicate that Mr. Craig engaged in any of the alleged actions detailed in paragraph 43 of your Complaint, or even what Mr. Craig may have done to "conspire" with anyone with respect to Brown, as you allege in your response to the interrogatory. Rather, your answer is yet another conclusory statement with absolutely no factual basis put forward, not even an explanation or single detail of what actions Mr. Craig undertook as described in paragraph 43 of your complaint, much less what Mr. Craig did to allegedly conspire with anyone.

   FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010)*, citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

   Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

**Brown Interrogatory No. 12:**    State the complete factual basis of the allegation in paragraph 50 of your Complaint that Craig attempts to settle or withdraw claims for any property owner with counsel that challenge him.

   Answer:        Please see Tax Ease Lien Servicing, LLC v. Habitat for Humanity Metro Lousiville, Inc., Jefferson Circuit Court, 13-CI-400354 and Tax Ease Lien Servicing, LLC v. Rose Harper and Deddo Goldsmith, Jefferson Circuit Court, 13-CI-400421.

   Deficiencies:    Your response is completely non-responsive, as it fails to provide any fact at all – much less any fact that would indicate that Mr. Craig engaged in any of the alleged actions detailed in paragraph 50 of your Complaint.

John H. Dwyer
September 14, 2016

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia,* 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

**Brown Interrogatory No. 13:**      State the complete factual basis of the allegation in paragraph 50 of your Complaint that Craig focuses his "efforts on those unable to mount a defense."

Answer:      Mr. Craig participated in a scheme to defraud and a civil conspiracy, resulting in his liability for conduct of other participants in the scheme and conspiracy. See also response interrogatory 12.

Deficiencies:      Your response is completely non-responsive, as it fails to provide any fact at all – much less any fact that would indicate that Mr. Craig focuses his efforts on any particular class of defendant, much less "those unable to mount a defense."

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia,* 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

**Brown Interrogatory No. 14:**      State the specific injury to your property caused by Craig as alleged in paragraph 138 of your Complaint.

Answer:      Please see response to interrogatory 3.

Deficiencies:      Your response is completely non-responsive, as it fails to provide any fact at all – much less any fact that would indicate that Mr. Craig injured your property in any

John H. Dwyer
September 14, 2016   .

way.  Further, the response to Interrogatory No. 3 is completely deficient in its own right as detailed, *infra*.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup*, 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...).  I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response.  As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

**Brown Interrogatory No. 15:**   State the complete factual basis of the allegation in paragraph 108 of your Complaint that a charge of $300 for the title report referenced is "at least double or triple the reasonable amount in Jefferson County."

Answer:   Objection; exact duplication of discovery previously answered.

Deficiencies:   Your response is completely non-responsive, as it fails to provide any fact at all – much less any fact that would indicate that $300 is "at least double or triple the reasonable amount in Jefferson County."  You have not previously provided a response to this Interrogatory No. 15 and must do so now.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup*, 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...).  I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response.  As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

**Brown Interrogatory No. 16:**   Identify each and every person or entity you consulted or sought information from related to the allegations in paragraph 50 of your Complaint, complete with mailing address, telephone number and electronic mailing address.

Answer:   Please see response to interrogatory 12.

John H. Dwyer
September 14, 2016

Deficiencies:     Your response is completely non-responsive, as it fails to provide any fact at all – much less any fact related to the question asked. Your reference to interrogatory 12 is baffling to say the least as therein your answer simply refers to two separate Jefferson Circuit Court cases and means nothing.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

**Brown Interrogatory No. 17:**     State the complete factual basis of the allegation in paragraph 111 of your Complaint that Craig did not and would not write the Complaint referenced in paragraph 111.

Answer:          Please see Exhibit 23 to the current Complaint.

Deficiencies:     Your response is completely non-responsive.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...). I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

**Brown Interrogatory No. 18:**     Identify the "already generous statutory administrative fee for a tax lien settlement agreement" you refer to in paragraph 112 of your Complaint, including the statue you rely upon limiting or otherwise identifying any attorney fee for a "tax lien settlement agreement."

Answer:          Objection. Calls for a conclusion of law.

22

John H. Dwyer
September 14, 2016

Deficiencies:    Your response is completely non-responsive. Your Complaint claims that such a fee exists in statute, yet you cannot identify the amount of the fee or the statute that it is contained in.  Neither of those points require a conclusion of law.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia,* 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...).  I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

**Brown Interrogatory No. 19:**    State the complete factual basis for the allegation in paragraph 112 of your Complaint that "this claim for attorney's fees also matches what Mr. Craig demands for cases that he actually plans to litigate."

Answer:    Compare Exhibit 23 to the complaint with Exhibits 18, 20, and 21.

Deficiencies:    Your response is completely non-responsive and makes no sense. Further, your continued reliance on amorphous references to random exhibits does not satisfy the requirement and responsibility that you have to answer the interrogatories full and completely.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient. *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010), *citing DL v. Dist. of Columbia,* 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...).  I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response. As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

**Brown Interrogatory No. 20:**    State the amount that "Mr. Craig demands for cases that he actually plans to litigate."

Answer:    Please see response to interrogatory 19.

23

John H. Dwyer
September 14, 2016

Deficiencies:     Your response is completely non-responsive.  You again fail to provide any fact at all – much less any fact that would indicate the amount of money that Mr. Craig demands according to your allegations.

FRCP 33(b)(3) requires you to answer each of my interrogatories "fully" and thus, your response is completely deficient.  *See, e.g. Romines v. Walkup,* 2010 U.S. Dist. LEXIS 7338, 2010 WL 411475 (W.D. Ky. Jan. 29, 2010)*, citing DL v. Dist. of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) ("...Rule 33(b)(1) requires a party to answer each interrogatory 'fully'...).  I would also draw your attention to the fact that "... incorporation by reference of the allegations of a pleading is not a responsive and sufficient answer to an interrogatory." *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 1972 U.S. Dist. LEXIS 11187, 18 Fed. R. Serv. 2d (Callaghan) 1053 (N.D. Ga. 1972).

Further, FRCP 11 and SCR 3.130(3.1) mandate that you must have had a factual basis as well as a legal basis to make the allegations in your complaint that you have repeated in your response.  As of this date you have put forward no fact that supports the allegations that you have made against Mr. Craig.

While it is abundantly clear that you have no intention of following the rules of discovery, I must insist that you provide supplemental responses no later than September 23, 2016 or I will be forced to ask the Court for appropriate relief.

Sincerely,

R. Eric Craig

REC/ch

24