UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES BROWN, *et al.*, On Behalf of
Themselves and All Others Similarly Situated,

PLAINTIFFS

v.

TAX EASE LIEN SERVICING, LLC, *et al.*,

DEFENDANTS

CIVIL ACTION NO. 3:15-CV-208-CRS

**Plaintiffs' Motion for Leave to File Their Amended Class Action Complaint
and to Join Additional plaintiffs and Defendants**

Plaintiffs James Brown; Denise Puckett, executrix; and Phillip Leigh, by counsel, respectfully move this Court for leave to file their First Amended Class Action Complaint, attached as Exhibit 1.[1] The Amended Class Action Complaint removes plaintiff parties who have been previously dismissed by this Court and the state court prior to removal, and joins two plaintiffs who are willing and able to serve as representatives of the class; Third Century Development Corporation and Laura Branson. It also adds several defendant parties whose existence and participation in the Tax Ease scheme was uncovered after the filing of the original complaint and during the course of discovery. The Amended Class Action Complaint also sets forth the specific allegations by and against the joined parties. Additionally, the amendments set forth the specific allegations by and against each added party and addresses each defendant's particularized involvement within the RICO enterprise and civil conspiracies which form the basis of this suit.

The Plaintiffs' request for leave to file an amended complaint is timely. Rule 16 of the

---

[1] Previous pleadings by the plaintiffs have been denominated as counterclaims and intervening complaints as a result of the alignment of the parties at the time. As a result of Tax Ease's voluntary dismissal of its claims in state court so that it might remove the counterclaims to this Court, the tendered first amended complaint is the first actual complaint by the parties referred to in this Court as the plaintiffs.

Federal Rules of Civil Procedure is "designed to ensure that 'at some point both the parties and the pleadings will be fixed.'" *Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003). As such, the scheduling orders crafted for each case are required to include a provision restricting the timing of amendments. Pursuant to the scheduling order in this case, as amended during the course of this litigation, Plaintiffs have through April 3, 2017 to seek amendment of the pleadings or joinder of parties. [DN 128].

FRCP 15(a)(2) provides that a party may amend its pleading with the court's leave and directs that the "court should freely give leave when justice so requires." "The thrust of Rule 15 is to reinforce the principal that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557 (6th Cir. 1986). FRCP 15 is a "mandate ... to be heeded" by the district courts and "[i]f the underlying facts or circumstances relied upon by a plaintiff may be the proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the "decision as to whether justice requires the amendment is committed to the district court's sound discretion," the United States Supreme Court has found that an "[a]buse of discretion occurs when a district court fails to state the basis for its denial or fails to consider the competing interests of the parties and the likelihood of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). There must be "at least some significant showing of prejudice to the opponent" to justify any denial of leave to amend. *Id.* at 562. Sixth Circuit authority "manifest[s] liberality in allowing amendments to the complaint." *Id.* Justice requires that Plaintiffs be permitted to amend their complaint in this case.

Plaintiffs' Amended Class Action Complaint, in part, serves a "housekeeping" function, removing Rose Harper, Deddo Goldsmith, Phillip Julian, Karen Julian, and Emil Walker III as

2

named plaintiffs, as these individuals were all previously dismissed either by this Court or by the Jefferson Circuit Court. Additionally, it clarifies that Denise Puckett has been substituted as party plaintiff for her mother Theresa Cambron, who passed away since the initial filing of the current complaint. See DN 20. Ms. Puckett is administatrix of Ms. Cambron's estate.

      Plaintiffs' Amended Class Action Complaint adds two plaintiff parties as well. Phillip Leigh, an existing named plaintiff, owns Third Century Development Corporation ("Third Century"). Many of Leigh's properties within Jefferson County, Kentucky are not held in his individual name, but rather are owned by his company, Third Century. The corporate entity is being named as a plaintiff by this amendment to ensure that the real party in interest for each parcel of property subjected to Tax Ease's scheme is before the Court. Mr. Leigh also owns property in his individual name which is been subject to Tax Ease liens and he has made payments on those liens, so he remains an appropriate class representative individually, as well. This joinder is effectively a formality, as Tax Ease has already served discovery on Mr. Leigh regarding Third Century, and he has answered it without objection based on it being directed to the Corporation.

      Additionally, the Plaintiffs' Amended Class Action Complaint adds Laura Branson as a named plaintiff. Ms. Branson has been sued by Tax Ease in Perry County, Kentucky by Tax Ease and has been subjected to the identical conduct faced by the other class representatives. Putative class counsel entered an appearance for Ms. Branson in that action, and sought to file claims comparable to this action. The Perry Circuit Court instructed Ms. Branson to undertake discovery prior to filing such claims, which resulted in the deposition of Billy Sherrow and the disclosure of key information regarding the LDS scheme described in the complaint. That deposition took place in 2015 and no further action has taken place in Ms. Branson's Perry

Circuit Court case since then. As it would be far more efficient to litigate Ms. Branson's counterclaims in the context of this action, she has filed a motion to stay for the proceedings in the state court action until her counterclaims can be resolved in this action. Ms. Branson has claims typical of the class which she seeks to represent. Because she would be a member of the putative class if certified, and is already litigating the same issues with them in Perry Circuit Court, there is no prejudice to defendants in having Ms. Branson added as a named plaintiff in this lawsuit.

The Amended Class Action Complaint also seeks to add four defendant parties: Tax Ease Holdings, LLC f/k/a Tax Ease L.P., Tax Ease Funding Two, LLC, Blueshine, LLC, and Trey Gulledge. These defendants all actively participated in Tax Ease's scheme to defraud and over-charge Kentucky property owners for amounts collected on third-party tax lien certificates. Their identity and the nature of their participation was not known to Plaintiffs at the time of the filing of the original complaint and was only revealed through the discovery process, which was at times delayed and stymied by the existing defendants in an attempt to avoid revelation of the full scope of the enterprise participants and nature of their conspiracy. In fact, Tax Ease moved for and obtained stays of discovery pending two separate motions to dismiss, one in Jefferson Circuit Court, and one in this Court. Although it lost both of those motions, nearly a year of discovery time was lost due to these stays.

Through relatively recent discovery, plaintiffs learned that Tax Ease Holdings owned or controlled all other Tax Ease entities which were existing parties to this lawsuit and was the source of funds utilized in the activities which have been previously alleged in this litigation. Through its common management with the existing defendants (Migicovsky and Gulledge), it created and operated its subsidiaries specifically to further the schemes in the complaint, moving

4

hundreds of thousands of dollars of the time between subsidiaries without any documentation to keep the schemes funded. Tax Ease Funding Two is an entity owned and controlled by Tax Ease Holdings and, at times relevant to the allegations in the Complaint, owned existing Defendants Tax Ease Lien Servicing and Tax Ease Lien Investments in engaged in the same conduct as Tax Ease Holdings in an intermediate capacity.  Blueshine is the alter ego of Tax Ease Lien Servicing and Tax Ease Lien Investments, as evidenced by Tax Ease's own requests in other litigation to have Blueshine substituted as a party to the action in their stead. It continues to collect the same fees as its sibling entities, with full knowledge of how they were generated.

Trey Gulledge is a manager of Blueshine in the other individual defendant entities, and COO of Tax Ease. He was personally responsible for running the entire lien division of the parent entity, and has controlled every defendant entity in this action after Migicovsky's termination in 2013.  He invented the LDS scheme in the BGA scheme and, with Migicovsky's assistance, put in place. He, along with current defendant Phil Migicovsky, controlled the Tax Ease entities' activities within Kentucky.

The Amended Class Action Complaint also adds allegations clarifying that a civil conspiracy existed between the Defendants.  Under Kentucky law, conspiracy is not a separate cause of action, but rather, a mechanism under which liability for a tortious action may be extended to individuals who substantially assist or encourage the performance of a tortious act. *James v. Wilson*, 95 S.W.3d 875 (Ky. App. 2002).  The allegations addressing the nature of Defendants' civil conspiracy, then, are not adding counts or causes of action to the complaint, but merely clarifying the basis for holding various Defendants accountable for their role in the tortious actions which have already been identified and plead.

There will be no prejudice to the Defendants, existing or new, in allowing Plaintiffs'

5

proposed amendments to the complaint. Defendants were aware or should have been aware that Third Century and Laura Branson were potential plaintiffs. In fact, Defendants have already made discovery requests for information relating to Third Century's claims by the interrogatories and requests for production propounded to its owner, Phillip Leigh.

Likewise, Tax Ease has a foreclosure action pending in Perry Circuit Court in Kentucky against Ms. Branson and Defendants should be aware that Ms. Branson may have claims against them. Tax Ease is represented in Perry County by the same counsel who represents it before this Court and the Perry Circuit Court has allowed Branson to conduct discovery in that case which is relevant to the claims being made by the class in this case. If Plaintiffs prevail in having the class they request certified, Third Century and Laura Branson's claims would be adjudicated as part of this class action, and so adding them as named plaintiffs rather than passive class members, does not substantially alter Defendants' potential liability in any regard.

Defendants do not suffer any prejudice from the addition of four additional Defendants. The added Defendants are all entities or individuals affiliated with the existing Defendants. These Defendants, better than anyone else, are aware of the role they played within the RICO enterprise and civil conspiracy. Though Defendants have tried at times to stall discovery and stymie efforts to discover the nature, extent, and scope of this conspiracy, through the discovery process, eventually Plaintiffs were able to establish that these additional Defendants were sufficiently connected to and active in the scheme to warrant their joinder to this suit.

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file their Amended Class Action Complaint.

proposed amendments to the complaint. Defendants were aware or should have been aware that Third Century and Laura Branson were potential plaintiffs. In fact, Defendants have already made discovery requests for information relating to Third Century's claims by the interrogatories and requests for production propounded to its owner, Phillip Leigh.

Likewise, Tax Ease has a foreclosure action pending in Perry Circuit Court in Kentucky against Ms. Branson and Defendants should be aware that Ms. Branson may have claims against them. Tax Ease is represented in Perry County by the same counsel who represents it before this Court and the Perry Circuit Court has allowed Branson to conduct discovery in that case which is relevant to the claims being made by the class in this case. If Plaintiffs prevail in having the class they request certified, Third Century and Laura Branson's claims would be adjudicated as part of this class action, and so adding them as named plaintiffs rather than passive class members, does not substantially alter Defendants' potential liability in any regard.

Defendants do not suffer any prejudice from the addition of four additional Defendants. The added Defendants are all entities or individuals affiliated with the existing Defendants. These Defendants, better than anyone else, are aware of the role they played within the RICO enterprise and civil conspiracy. Though Defendants have tried at times to stall discovery and stymie efforts to discover the nature, extent, and scope of this conspiracy, through the discovery process, eventually Plaintiffs were able to establish that these additional Defendants were sufficiently connected to and active in the scheme to warrant their joinder to this suit.

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file their Amended Class Action Complaint.

Respectfully submitted,

/s/ John H. Dwyer, Jr.
John H. Dwyer, Jr.
Karen Jaracz
ZIELKE LAW FIRM PLLC
462 South Fourth Street, Suite 1250
Louisville, KY 40202
jdwyer@zielkefirm.com
kjaracz@zielkefirm.com
*Counsel for James Brown, Denise Puckett, and Phillip Leigh*

# CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing has been served through the Court's electronic filing system, on April 1, 2017 to the following:

Joseph L. Hamilton
(jhamilton@stites.com)
Marjorie A. Farris (mfarris@stites.com)
Chadwick A. McTighe
(cmctighe@stites.com)
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
*Counsel for Tax Ease Lien Servicing , LLC, Tax Ease Lien Investments 1, LLC, Blue Grass Abstract LLC, Lien Data Services LLC and Philip S. Migicovsky*

Gregory Napier
TROUTMAN & NAPIER, PLLC
4740 Firebrook Blvd.
Lexington, KY 40513-1403
(gnapier@troutmannapier.com)
*Counsel for Billy Sherrow and Sherrow, Sutherland & Associates P.S.C.*

Richard Eric Craig, Esq.
WEBER & ROSE, P.S.C.
471 W. Main St., Suite 400
Louisville, KY 40202
*Individually and on behalf of Hayden Craig & Grant, PLLC n/k/a Craig Law Office*

/s/John H. Dwyer, Jr.
John H. Dwyer, Jr.